UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 10-20549-CV-LENARD/TURNOFF

DZ BANK AG DEUTSCHE
ZENTRAL-GENOSSENSCHAFTSBANK,
FRANKFURT AM MAIN,

    Plaintiffs,
vs.

JEAN ROBERT MESADIEU,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned upon Plaintiff, DZ Bank AG Deutsche Zentral-Genossenschaft, Frankfurt Am Main NY Branch's ("DZ Bank"), Motion for Entry of Final Default Judgment **[DE 12]**, and an Order of Referral entered by the Honorable Joan A. Lenard on April 26, 2010. **[DE 13]**. A hearing on this Motion **[DE 12]** took place before the undersigned on Friday, June 11, 2010. Counsel for DZ bank appeared at the hearing. Defendant did not appear.

Upon review of the Motion **[DE 12]**, the court file, hearing from DZ Bank's counsel, and being otherwise duly advised in the premises, the undersigned makes the following findings.

This action was filed by DZ Bank against Jean-Robert Mesadieu ("Defendant") on February 22, 2010. **[DE 1]**. The Complaint alleges, among other things, breach of contract. Id.  The case arises out of Promissory Note dated April 28, 2006 ("Note 1"), by which Aleritas Capital Corporation ("BCC") agreed to loan Defendant $132,000. Id. ¶ 5.   On October 31, 2007, BCC and Defendant executed another Promissory Note ("Note 2[1]"), whereby BCC agreed to refinance the original loan in the amount of $234,838.87 (plus interest). Id. ¶ 6. The loan was later assigned by BCC to Brooke

---

[1] Both loans shall be collectively be referred to as "the loan."

Credit Funding ("BCF"). BCF's senior secured creditors are DZ Bank and Autobahn Funding Company, LLC ("Autobahn").

Subsequently, by written agreement, Autobahn appointed DZ Bank as its agent, authorizing it to enforce Autobahn's rights under the loan. Id. ¶ 8. On October 30, 2008, DZ Bank, BCC and BCF entered into a Surrender of Collateral, Consent to Strict Foreclosure, Release and Acknowledgment Agreement ("Surrender"). Id. at ¶ 10. Pursuant to the Surrender, DZ Bank became the sole owner of the Loan. Plaintiff claims that Defendant later defaulted on the loan by failing to make the payments when due. DZ Bank then demanded payment of the outstanding balance. Id. ¶ 13. Defendant did not comply, and this action followed.

Defendant was served with the Complaint on March 13, 2010. To date, he has failed to make an appearance in this action. A Clerk's Default was entered on April 9, 2010. **[DE 10]**. DZ Bank then filed the instant Motion **[DE 12]** on April 23, 2010 seeking the entry of a Default Judgment. **[DE 4]**. In support of its Motion, DZ Bank has submitted the Affidavit of Cecil Smart **[DE12, Ex. F]** as to damages, and the Affidavits of Alex Darcy **[Id., Ex. G]** and Eric B. Zwiebel **[Id., Ex. H]** as to attorney's fees and costs. DZ Bank has also filed an Affidavit which attests that Defendant is not a member of the United States Military Service **[Id., Ex. H]**, as well as an Affidavit certifying that Defendant is neither an infant, nor an incompetent person. **[Id., Ex. D]**.

Fed.R.Civ.P. 55(b)(2) states in relevant part,

(b) **Judgment**. Judgment by default may be entered as follows:

\* \* \*

(2) *By the Court*. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an in fact or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by

representative, the party's representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account, or to determine the amount of damages, or to the truth of any averment by evidence, or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed.R.Civ.P. 55. (emphasis in original).

Upon careful review, it appears that the entry of a default judgment is appropriate in this case. As noted above, Defendant was served with process in March 2010. To date, Defendant has failed to make an appearance in this action, or otherwise file a responsive pleading. In short, the allegations in the Complaint remain undisputed and unanswered. Accordingly, consistent with the above and foregoing, it is **RESPECTFULLY RECOMMENDED** that Plaintiff's Motion for Default Judgment **[DE 12]** be **GRANTED**.

Having determined that Plaintiff is entitled to the entry of a default judgment, the Court now turns to the issue of amount.

Here, DZ Bank seeks a default judgment in the amount of $252,722.76. Smart Aff. **[DE12-2, Ex. F]**. ¶ 18(a)-( c ). That amount was broken down by Mr. Smart in his Affidavit as follows:

| | |
|---|---|
| Principal Balance Due | $227,393.65 |
| Interest | 25,329.11 |
| **Total Amount Due** | **$252,722.76** |

Id.

Smart attests that the interest was calculated using the 365 "actual method" with an interest rate beginning at 11.250% which was then adjusted according to the New York Prime rate, as published in *The Wall Street Journal*, plus 3.5%. Id. His Affidavit was accepted as direct testimony and admitted into evidence by the Court. As indicated *supra*, Defendant did not appear; thus, there was no cross-examination.

DZ Bank is also requesting attorney's fees and costs in the amount of $1,649.66. As noted above, DZ Bank has submitted the affidavits of Alex Darcy and Eric B. Zwiebel in support of same. Id. at Ex. G & H.

Upon review of the relevant pleadings, the affidavits, hearing argument from Plaintiff's counsel, and being otherwise duly advised in the premises, the undersigned finds that the entry of a default judgment is appropriate. It is therefore **RESPECTFULLY RECOMMENDED** that Plaintiff's Motion **[DE 12]** be **GRANTED**.

Further, the undersigned has reviewed the affidavits in support of attorney's fees and costs and finds that the amount requested is reasonable. Accordingly, it is **RESPECTFULLY RECOMMENDED** that Plaintiff be **GRANTED** attorney's fees and costs.

Pursuant to Local Magistrate Rule 4 (b), the parties have fourteen (14) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable Joan A. Lenard, United States District Court Judge. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F. 2d 745 (11th Cir. 1998); cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this 14 day of June 2010.

WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Joan A. Lenard
Counsel of Record